IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
UNITED STATES OF AMERICA       :
                               :      CRIMINAL ACTION
            v.                 :      NO. 1:13-cr-206-JEC-ECS
                               :
TYRONE BROOKS, SR.             :
```

**O R D E R**

This matter is before the Court on the motion to strike surplusage filed on behalf of Defendant, Tyrone Brooks, Sr. [Doc. 42]. Defendant submits that the indictment is replete with irrelevant and prejudicial allegations that should be stricken as surplusage under Rule 7(d) of the Federal Rules of Criminal Procedure prior to the indictment being disclosed to a jury. See [Doc. 42]. Defendant catalogs the allegations that he contends should be stricken. These include allegations relating to Defendant's involvement with an entity called Universal Humanities in a fraud scheme. Id. at 4. Included in this group are allegations setting forth certain legal requirements, id. at 5-6; allegations regarding allegedly irrelevant state and federal filings, id. at 6-8; allegations of uncharged time-barred mail and wire fraud offenses, id. at 8-13; and other allegedly irrelevant and prejudicial allegations, id. at 13-15. Defendant also complains of surplusage relating to allegations regarding Defendant's involvement with the Georgia Association of Black Elected Officials ("GABEO").

Id. at 15. In that regard, Defendant challenges allegations of uncharged bank and loan application fraud, id. at 16-7, and other allegedly irrelevant and prejudicial allegations relating to GABEO. Id. at 19-20.

The government responds that the language in the indictment is not surplusage but essential to showing "the origin and the scope of the scheme that [Defendant] perpetrated." Government Resp. at 2 [Doc. 50 at 2]. The government points out that "[t]he standard under Rule 7(d) has been strictly construed against striking surplusage." Id. at 3. The government argues that Defendant has not demonstrated that the challenged allegations are each irrelevant, prejudicial, and inflammatory, as required to justify the striking of surplusage. Id. The government submits that all the indictment's allegations are relevant to the scheme charged in the indictment that the government intends to prove at trial. Id. at 2.

Rule 7(d) of the Federal Rules of Criminal Procedure provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." In United States v. Awan, 966 F.2d 1415 (11th Cir. 1992), the Eleventh Circuit advised that:

> [a] motion to strike surplusage from an indictment should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.... [T]his is a most exacting standard.' *Therefore, it is proper to reserve ruling on a motion to*

2

> *strike surplusage until the trial court has heard evidence that will establish the relevance of the allegedly surplus language*.

Id. at 1426 (emphasis added) (quoting United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990)) (additional citations and brackets omitted); see also United States v. Brye, 318 F. App'x 878, 880 (11th Cir. 2009). Thus, to prevail on a motion to strike surplusage, a defendant must show, first, that the contested portions of the indictment are irrelevant to the charged crimes, and, second, that the challenged language is unfairly prejudicial or inflammatory. Awan, 966 F.2d at 1426.

As noted above, the government argues that Defendant has not demonstrated that the challenged allegations are each irrelevant, prejudicial, and inflammatory. The government goes on to address the specific allegations sought to be struck, arguing that the allegations are relevant and/or includable as permissible background related to the offenses charged in the indictment. The government urges that the motion be denied. In the alternative, the government submits that the motion should be deferred to trial and a ruling reserved until the court has heard evidence.

After review of the allegations sought to be struck, and the accompanying arguments for and against, I conclude that this is a case where a ruling should be reserved until evidence is heard that will permit the Court to evaluate the relevance of the allegedly

3

surplus language and whether the allegations are unfairly prejudicial or inflammatory. Defendant has not clearly demonstrated that the allegations are not relevant, or that they are unfairly prejudicial or inflammatory. Indeed, in response to the government's opposition to the motion, Defendant did not file a reply brief in rebuttal to the government's arguments. Accordingly, I find that the motion to strike should be **DEFERRED** to the trial judge and a ruling reserved until the commencement of trial or until evidence is heard, at the discretion of the trial judge. Cf. United States v. McGregor, No. 2:10-cr-186, 2011 WL 1362102, at *3 (M.D. Ala. Apr. 11, 2011)(denying motion without prejudice with leave to renew).

    **SO ORDERED**, this 31st day of March, 2014.

                                        *S/ E. Clayton Scofiedl III*
                                        **E. CLAYTON SCOFIELD III**
                                        **UNITED STATES MAGISTRATE JUDGE**